UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHELSI MICHELLE MASON,<br><br>　　　　Defendant. | Case No. 1:22-cr-00280-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Chelsi Michelle Mason's motion requesting credit for time served in custody before her sentencing in this case. (Dkt. 34). For the reasons discussed below, the Court will deny the motion because Mason has not alleged appropriate grounds for relief, and this Court is without jurisdiction to grant the credit she requests.

I. **BACKGROUND**

In December 2022, a federal grand jury returned an indictment charging the Mason with three counts of distribution fentanyl, in violation 21 U.S.C. § 841(a)(1). (Dkt. 1). On January 30, 2023, Mason made her initial appearance in federal court, and waived her right to remain in federal custody. (Dkts. 5 & 11). At the time of her initial appearance, she was serving a term of imprisonment through the Idaho Department of Correction related to two state sentences for felony driving under the influence. (Dkt. 37-1).

On June 29, 2023, after pleading guilty in March to distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Mason was sentenced to sixty months of imprisonment followed by five years of supervision. (Dkt. 32). The term of imprisonment imposed by the judgment was ordered to "run concurrently with the defendant's term of imprisonment pursuant to

the judgment in Docket Number CR01-19-5563, District of Ada County and CR01-19-890, District of Ada County." (Dkt. 32). The judgment further recommended that the Bureau of Prisons (BOP) credit Mason "with all time served in federal custody." (*Id.* at p. 2). The BOP's computation of time for Mason's federal sentence began June 29, 2023. (Dkt. 37-2, p. 2).

On October 1, 2024, Mason filed this motion to receive "credit for time served before sentencing." (Dkt. 34). Mason is currently serving her sentence at Federal Correctional Institution Waseca with a projected release date of October 2, 2027. (Dkt. 37-2 at p. 2).

## II. ANALYSIS

Mason asks the Court to give her credit for time served from the date of her incarceration on federal charges. Mason began her incarceration on the federal indictment in this case on January 26, 2023, upon her arraignment on that date. The government argues that Mason has not alleged appropriate grounds for relief, and this Court, therefore, is without jurisdiction to calculate, or grant, the credit she requests. The Court agrees.

A court generally may not correct or modify a sentence of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). A court may modify such a sentence only "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Federal Rule of Criminal Procedure 35(a) states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Once the fourteen days have lapsed, the court is divested of its jurisdictional power. *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35(a)), and the vehicles available to a defendant to challenge her sentence calculation come in the form of administrative remedies, 28 C.F.R. §§ 542.10-542.16, and a petition for habeas corpus relief under 28 U.S.C. § 2241.

As more than fourteen days have lapsed since this Court imposed its sentence, § 2241 is the appropriate vehicle for Mason to use to challenge the BOP's application or calculation of the sentence after she has exhausted her administrative remedies. Such a petition should be filed in a court with jurisdiction over the custodian or warden of Mason's facility. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973); *see also Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980). Although Mason was sentenced in the District of Idaho, she must file her action in the District of Minnesota, which has jurisdiction over the custodian of FCI Waseca.

For this reason, the Court will deny Mason's motion. Nothing in this order precludes Mason from filing a motion under 28 U.S.C. § 2241 in the proper court. She should bear in mind, however, that district courts generally lack the authority to require the Bureau of Prisons to give an inmate credit for time served. *See, e.g.*, *United States v. Wilson*, 503 U.S. 329, 334 (1992) (holding that "§ 3585(b) does not authorize a district court to compute the credit [for time served] at sentencing"). Rather, the prerogative to grant credits rests with the Attorney General, acting through the Bureau of Prisons. *Wilson*, 503 U.S. at 334-35; *see also United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995). Accordingly, a district court is limited to recommending the BOP grant credit for time served, which it did in this case.

### III.  ORDER

**IT IS ORDERED that** Defendant Chelsi Michelle Mason's motion requesting credit for time served in custody before her sentencing in this case (Dkt. 34) is **DENIED.**

DATED: January 10, 2025

Amanda K. Brailsford
U.S. District Court Judge